**Luis Alfonso QUINONES, aka Luis Quinones, aka Luis Quinonez, aka Luis A. Quinonez, aka Luis Alfonso Quinonez, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–73886.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 3, 2016.

Luis Alfonso Quinonez, Los Angeles, CA, pro se.

Anthony John Messuri, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Luis Alfonso Quinones, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and de novo questions of law. *Husyev v. Mukasey,* 528 F.3d 1172, 1177 (9th Cir.2008). We deny the petition for review.

The record supports the agency's finding that Quinones failed to demonstrate changed or extraordinary circumstances excusing his untimely-filed asylum application. 8 U.S.C. § 1158(a)(2)(B),(D). Thus, we deny the petition as to Quinones' asylum claim.

Substantial evidence supports the agency's finding that Quinones did not establish a nexus between any harm he fears in Guatemala and a protected ground. *See Parussimova v. Mukasey,* 555 F.3d 734, 740–41 (9th Cir.2009) (under the REAL ID Act, an applicant must prove a protected ground is at least "one central reason" for persecution); *see also Zetino v. Holder,* 622 F.3d 1007, 1016 (9th Cir.2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, Quinones' withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Quinones' CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.